UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:18cv81076

RYAN SHINN, individually
and on behalf of all others similarly situated,

    Plaintiff,

v.                                                                                    **COMPLAINT**

PENN CREDIT CORPORATION,

    Defendants.

_____/

**COMPLAINT**

Plaintiff RYAN SHINN ("Plaintiff"), seeks redress for the unlawful conduct of Defendant, PENN CREDIT CORPORATION ("Defendant"), *to wit*, violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") and in support thereof, Plaintiff states the following:

**INTRODUCTION**

1. The FDCPA "is a consumer protection statute that 'imposes open-ended prohibitions on, *inter alia,* false, deceptive, or unfair'" debt-collection practices. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1257 (11th Cir. 2014) (*quoting* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010)).

2. "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006) (internal quotations omitted); *see, e.g.*, Id. at 453 (quoting

15 U.S.C. §1692(a)) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.").

3. As set forth in more detail below, Defendant has failed to clearly and adequately disclose the name of the creditor to whom the debt is owed, in violation of § 1692g(a)(2). Accordingly, Plaintiff seeks statutory damages under the FDCPA.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C §1331, and 28 U.S.C §1337.

5. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained of conduct occurred within the venue.

## DEMAND FOR JURY TRIAL

6. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all counts alleged and on any issues so triable. *See* Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir.1982) (wherein the Eleventh Circuit held that, "a plaintiff, upon timely demand, is entitled to a trial by jury in a claim for damages under the FDCPA.").

## PARTIES

7. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Palm Beach County, Florida.

8. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a.

9. Defendant is a Pennsylvania corporation, with its principal place of business located in Harrisburg, PA.

10. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

11. At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debt.

## FACTUAL ALLEGATIONS

13. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

14. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5).

15. On a date better known by Defendant, Defendant began attempting collect the Consumer Debt from Plaintiff.

16. On or about July 10, 2018, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

17. The Collection Letter was Defendant's first and/or initial communication with Plaintiff in connection with the Consumer Debt.

18. Nowhere in the Collection Letter does it state who the current creditor of the debt is as Defendant is required to clearly and effectively disclose pursuant to 15 U.S.C §1692g(a)(2) of the FDCPA.

19. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A., 130 S.Ct. 1605 (2010).

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. § 1692g(a)(2)**

20.     Defendant violated §1692g(a)(2) of the FDCPA by failing to send Plaintiff a written notice that, in light of the least sophisticated consumer standard, sufficiently advises of name of the creditor to whom the Consumer Debt is owed, in that, the Collection Letter fails to identify any entity as being the "creditor." *See* Pardo v. Allied Interstate, L.L.C., 2015 WL 5607646 (S.D. Ind. Sept. 21, 2015) (where collection letter's body referred to "Resurgent Capital Services LP" as Allied Interstate's "Client," and offered no explanation of the relationship between LVNV and Resurgent Capital or why/how Resurgent Capital was involved with debt, consumer stated valid §1692g(a)(2) claim).

21.     Here, in the Collection Letter, Defendant fails to clearly identify any entity as the current creditor of the debt. Instead, the letter merely refers to "The City of Deerfield Beach" as Defendant's "Client." As Defendant's "client," the city of Deerfield **may or may not be the current creditor of the debt**.

22.     Courts have consistently held that "[m]erely including the current creditor's name in a debt collection letter, without more, is insufficient to satisfy 15 U.S.C. § 1692g(a)(2)." McGinty v. Professional Claims Bureau, Inc., Case No. 15-cv-4356 (SJF) (ARL), 2016 WL 6069180, at *4 (E.D.N.Y. Oct. 17, 2016); *see also*, Suellen v. Mercantile Adjustment Bureau, LLC, Case No. 12–cv–00916 NC, 2012 WL 2849651, at *6 (N.D. Cal. June 12, 2012) (observing that courts have held that "[m]erely naming the creditor without identifying it as the current creditor" is not sufficient for purposes of section 1692g(a)(2)); Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293, 300-01 (E.D.N.Y. 2005) (holding that a debt collector violated 15 U.S.C. § 1692g where "[t]he name of the creditor . . . appear[ed] in the subject line of the Collection

Letter, but [was] not identified as a creditor"); Dix v. Natl. Credit Sys., Inc., 2:16-CV-3257-HRH, 2017 WL 4865259, at *2 (D. Ariz. Oct. 27, 2017) ("[a]ll defendant did was name the current creditor. Defendant did nothing to identify Metro on 19th as the current creditor. Thus, plaintiff is entitled to summary judgment on his section 1692g(a)(2) claim"); Datiz v. International Recovery Associates, Inc., Case No. 15-CV-3549 (ADS) (AKT), 2016 WL 4148330 (E.D.N.Y. Aug. 4, 2016) (because collection letter "did not make it *explicit* that [the hospital] was the current creditor to whom the plaintiff owed a debt" summary judgement was granted in favor of Plaintiff's §1692g(a)(2) claim).

23.   Additionally, as another basis of Defendant violating 15 U.S.C. 1692g(a)(2), it must be noted that, pursuant to a bill received by Plaintiff on January 16, 2017, the actual creditor of this debt is believed to be "Broward Sheriffs Fire Rescue," and not the "City of Deerfield Beach." A copy of the bill is attached hereto as Exhibit "B."

24.   Further, an explanation of benefits provided by Plaintiff's health care insurance provider, Cigna, shows the creditor to be "Broward Sheriff's Fire Rescue" as well.  A copy of the explanation of Benefits is attached hereto as Exhibit "C."

25.   In sum, 15 U.S.C. §1692g(a)(2) was violated by Defendant in two possible ways: 1.) Even if the "City of Deerfield Beach" *is* the current creditor, the Collection Letter makes that far from clear and/or 2.) upon information and belief, by virtue of Exhibit B and C, the creditor of the debt is not the "City of Deerfield Beach" but rather "Broward Sheriff's Fire Rescue."

WHEREFORE, Plaintiff, request that the Court enter judgment in favor of Plaintiff for:

(1)   Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(2)   Attorney's fees, litigation expenses and costs of the instant suit, as provided under

    15 U.S.C. § 1692k(a)(3); and

(3) Such other or further relief as the Court deems proper.

DATED: August 13, 2018

            Respectfully Submitted,

            /s/ Jibrael S. Hindi       .
            **JIBRAEL S. HINDI, ESQ.**
            Florida Bar No.: 118259
            E-mail: jibrael@jibraellaw.com
            THE LAW OFFICES OF JIBRAEL S. HINDI
            110 SE 6th Street, Suite 1744
            Fort Lauderdale, Florida 33301
            Phone: 954-907-1136
            Fax:  855-529-9540

            *COUNSEL FOR PLAINTIFF*